UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OXANA VITYUK<br>18401 Collins Ave 1139<br>Sunny Isles Beach, FL 33160<br><br>    Plaintiff<br><br>v.<br><br>JEFF SESSIONS, United States Attorney General<br>U.S. Department of Justice<br>950 Pennsylvania Ave NW<br>Washington, DC 20530-0001<br><br>JOHN F. KELLY, Secretary of the Department of Homeland Security<br>Office of the General Counsel<br>U.S. Department of Homeland Security<br>Washington, DC 20528<br><br>L. FRANCIS CISSNA, Director of U.S. Citizenship and Immigration Servs.<br>Office of the Chief Counsel, USCIS<br>20 Massachusetts Ave NW, Room 4025<br>Washington, DC 20529<br><br>LINDA SWACINA, Director<br>USCIS Miami District Office<br>8801 NW 7th Avenue<br>Miami, Florida 33150<br><br>    Defendants | No. _____<br><br>Agency No. A087-925-175 |

**COMPLAINT FOR WRIT OF MANDAMUS, AND DECLARATORY AND INJUNCTIVE RELIEF**

## INTRODUCTION

This is an action for declaratory and injunctive relief, writ of mandamus, order to compel, and other relief, brought as a result of Defendants' unlawful, unreasonable, and extraordinary delays in adjudicating Plaintiff's application for adjustment of status (USCIS Form I-485).

Plaintiff has lived in the United States for over a decade and is seeking to obtain permanent residency and eventually citizenship. Having qualified to do so almost a decade ago, Plaintiff has been unable to have her status in the united states adjudicated by the agency specifically existing and empowered to do so.

The subject of this action is therefore to compel the relevant officials of the United States government to perform their mandatory ministerial duty to process and adjudicate Plaintiff's application for asylum (Form N-589).

Plaintiff is eligible to seek reasonable attorney fees under, *inter alia*, the Equal Access to Justice Act (EAJA), 5 U.S.C. 504 *et seq* and 28 U.S.C. 2412 *et seq*.

## JURISDICTION AND VENUE

1. This Court's jurisdiction over this matter lies pursuant to 28 U.S.C. 2201 *et seq.* (declaratory judgments), 28 U.S.C. 1331 (federal question), 5 U.S.C. 551 *et seq.* and 706 *et seq.* (authorizing to compel agency action in cases of unreasonable delay), and 28 U.S.C. 1361 (authorizing issuance of mandamus). Relief is requested pursuant to said statutes.

2. Pursuant to 28 U.S.C. 1391(e), venue is proper in the District of Columbia District in that Defendants are officers and employees of the United States sued in their official capacities and located within the District.

## ALLEGATIONS OF FACT

**Plaintiffs**

3.     Plaintiff Oxana Vityuk is a natural person and a citizen of Russia residing within the jurisdiction of USCIS Miami District Office, who is an asylee and whose adjustment of status application has been pending since June 2011, for over 7 years.

**Defendants**

4.     All Defendants are officials of the United States government and its agencies acting under color of law with respect to the matters referenced herein.

5.     Defendant Jeff Sessions is the Attorney General of the United States and is sued in his official capacity. Defendant Sessions is responsible, *inter alia*, for administering and enforcing the immigration and naturalization laws of the United States, for overall supervision of the functions of the Department of Homeland Security (DHS) and United States Citizenship and Immigration Services (USCIS), as well as for prescribing regulations by which a person can petition for a close family member to be classified as an immediate relative for immigration purposes.

6.     Defendant John F. Kelly is the Secretary of the Department of Homeland Security, and is sued in his official capacity. Defendant Kelly generally charged with implementing the Immigration and Nationality Act (INA) and is authorized to delegate powers and authority to subordinate employees of the DHS.  Defendant Kelly is responsible for implementing the provisions of the INA under which U.S. citizens can petition for close family members to be classified as immediate relatives for immigration purposes.

7.     Defendant L. Francis Cissna is the Director of the U.S. Citizenship and Immigration Services (USCIS), the federal agency primarily responsible for implementing and enforcing the INA, including processing and adjudicating immigrant visa petitions on behalf of

close family members.  Defendant Cissna is responsible for overall supervision of the functions of the USCIS, including the processing and adjudication of immigrant visa petitions.

8.  Defendant Linda Swacina is the Director of the Miami District Office of the USCIS, and is responsible for administering and enforcing the INA, including the processing and adjudication of adjustment of status applications by applicants residing in South Florida.

9.  All Defendants are sued in their official capacity.

**Background**

10.  Plaintiff Oxana Vityuk as been in the United States since June 2009.  In January 2010, Ms. Vityuk applied for asylum.

11.  After interviewing Ms. Vityuk in person in January – February 2010, USCIS approved her asylum application and granted her the status of an asylee on May 20, 2010.

12.  On or about June 22, 2011, Ms. Vityuk filed her adjustment of status application, Form I-485.

13.  Upon receiving a case number for her adjustment application (SRC1190235429), Ms. Vityuk then was able to check the status of her application on line at least twice.

14.  By December 2011, her adjustment application disappeared from the USCIS online case status system, and entering her case number into that system would return a message stating that no such case exists.

15.  On or about August 30, 2012, Ms. Vityuk received a status letter from USCIS stating "we are actively processing your case[;] if you do not receive a decision within 6 months, please contact USCIS customer service."

16.  On or about March 13, 2013, Ms. Vityuk received a letter from USCIS stating that her case "has been referred to our office for further review.  You will receive notice if further action is required."

17. In July and August 2014, Ms. Vityuk received three (3) more status letters stating that her case is processing.

18. In 2016, after not hearing form USCIS any further, Ms. Vityuk retained counsel to assist her in getting her case processed.

19. Ms. Vityuk's counsel the received a copy of her file after a FOIA request and wrote to the USCIS Miami office regarding the delays in her case.

20. Subsequently to counsel's action, Ms. Vityuk was scheduled for an interview on May 15, 2017.

21. Ms. Vityuk then appeared for an interview on May 15, 2017, which was conducted and concluded without incident.

22. At the conclusion of the interview, the interviewing officer stated to Ms. Vityuk that, while no time frame could be given for when her case would be adjudicated, a decision would be forthcoming shortly.

23. After more than six months passed since the May 15, 2017 interview, Ms. Vityuk inquired about the status of her case and when a decision would be expected. The receiving officer stated that Ms. Vityuk's written status request would be forwarded to the officer assigned to her case and that should would hear back soon.

24. To date, Ms. Vityuk's case remains unadjudicated.

25. As a result of the several years' delay, Ms. Vityuk is not able to petition on behalf of her relatives or accrue time to be able to so petition.

26. The USCIS case online system shows with respect to Ms. Vityuk's case number given above that "[a]t this time USCIS cannot provide you with information for your case." dings in which Dmitry (or any co-Plaintiff) could challenge the 2004 ineligibility determination.

**FIRST CLAIM FOR RELIEF: VIOLATION OF THE APA**

27. Plaintiff re-alleges and incorporates herein all the preceding paragraphs.

28. Defendants are officials of federal administrative agencies covered by the Administrative Procedure Act (APA), 5 U.S.C. 551 *et seq.* and 706 *et seq.*

29. Defendants have a policy, pattern, and practice of failing to adjudicate adjustment applications of certain applicants within a reasonable period of time.

30. Defendants have a policy, pattern, and practice of failing to adjudicate adjustment applications of certain applicants within a reasonable time after in-person interview examinations.

31. Defendants have a policy, pattern, and practice of unlawfully withholding and unreasonably delaying the adjustment applications of certain applicants because of years-long delays in the processing of "background checks."

32. Defendants have a policy, pattern, and practice of unlawfully withholding and unreasonably delaying the completion of "background checks" with the full knowledge that the completion of such checks is required to adjudicate the adjustment applications of persons such as Plaintiff.

33. Defendants have a policy, pattern, and practice of failing to set deadlines for completing "background checks" and taking all other reasonable steps necessary to complete the adjudication of adjustment applications of persons such as Plaintiff.

34. Defendants have a policy, pattern, and practice of requiring "background checks" for adjudication of adjustment applications of persons such as Plaintiff despite the absence of any statutory or regulatory authority for such checks.

35. Defendants have unlawfully withheld and unreasonably delayed agency action on Plaintiff's application for adjustment of status.

36. Defendants have failed to act on and adjudicate Plaintiff's application for a period exceeding seven (7) years.

37. Defendants have failed to act on and adjudicate Plaintiff's application within a reasonable time after Plaintiff's interview.

38. Defendants' failure to process and adjudicate Plaintiff's adjustment application for over seven (7) years constitutes an unreasonable delay and unlawful withholding of agency action and violates the APA, including 5 U.S.C. 555(b) and 5 U.S.C. 706.

39. Defendants' several years' delay on Plaintiff's application is not reasonable whether or not Plaintiff poses any risk to U.S. national security and whether or not this matter is considered from the standpoint of national security interests or Plaintiff's interests.

40. Defendants' failure to timely complete a "background check," with the full knowledge that such checks are required to adjudicate naturalization applications, violates the APA, including 5 U.S.C. 555(b) and 5 U.S.C. 706.

41. Defendants' failure to set deadlines for completing "background checks" and to take all other reasonable steps necessary to complete the adjudication of Plaintiff's naturalization application violates the APA, including 5 U.S.C. 555(b) and 5 U.S.C. 706.

42. Defendants' policy and practice of requiring "background checks" without proper statutory and regulatory authority and proper rule-making proceeding violate the APA.

43. As a result of Defendants' policies, practices, actions, and omissions, Plaintiff has suffered injury and continues to suffer injury and damages. Declaratory, injunctive, and other relief is therefore warranted.

### SECOND CLAIM FOR RELIEF: FAILURE TO DISCHARGE MANDATORY MINISTERIAL DUTY

44. Plaintiff re-alleges and incorporates herein all the preceding paragraphs.

45. Plaintiff has a clear right to the relief sought, namely, that Plaintiff's adjustment application would be processed and adjudicated by Defendants within a reasonable time in accordance with the INA and APA.

46. Defendants have a clear, nondiscretionary, ministerial duty to process and adjudicate Plaintiff's adjustment application within a reasonable time.

47. Defendants have failed to discharge their clear ministerial duty.

48. Defendants' over seven (7) years' delay on Plaintiff's application is not reasonable whether or not Plaintiff poses any risk to U.S. national security and whether or not this matter is considered from the standpoint of national security interests or Plaintiff's interests.

49. Absent a writ of mandamus or an affirmative injunction compelling Defendants to promptly process her adjustment application, Plaintiff has no other adequate remedy, whether at law or in equity, to redress the violation of her right.

50. Defendants have a policy, pattern, and practice of failing to adjudicate adjustment applications of certain applicants within a reasonable time.

51. Defendants have a policy, pattern, and practice of failing to adjudicate adjustment applications of certain applicants within a reasonable time after in-person interview examinations.

52. Defendants have a policy, pattern, and practice of unlawfully withholding and unreasonably delaying the adjudication of adjustment applications of certain applicants because of years-long delays in the processing of "background checks."

53. Defendants have a policy, pattern, and practice of unlawfully withholding and unreasonably delaying the completion of "background checks" with the full knowledge that the completion of such checks is required to adjudicate adjustment applications of persons such as Plaintiff.

54. Defendants have a policy, pattern, and practice of failing to set deadlines for completing "background checks" and taking all other reasonable steps necessary to complete the adjudication of adjustment applications of persons such as Plaintiff.

55. Defendants have a policy, pattern, and practice of requiring "background checks" for adjudication of applications for naturalization of persons such as Plaintiff despite the absence of any statutory or regulatory authority for such checks.

56. Defendants have unlawfully withheld and unreasonably delayed agency action on Plaintiff's adjustment application.

57. Defendants have failed to act on and adjudicate Plaintiff's application for a period exceeding a reasonable period of time.

58. Defendants have failed to act on and adjudicate Plaintiff's application within a reasonable time after Plaintiff's examination by interview.

59. Defendants' failure to process and adjudicate Plaintiff's adjustment application for over seven (7) years constitutes an unreasonable delay and unlawful withholding of agency action, warranting a writ of mandamus or an affirmative injunction.

60. Defendants' years-long delay on Plaintiff's application is not reasonable whether or not Plaintiff poses any risk to U.S. national security and whether or not this matter is considered from the standpoint of national security interests or Plaintiff's interests.

61. Defendants' failure to timely complete a "background check," with the full knowledge that such checks are required to adjudicate adjustment applications, violates the APA, is unreasonable and unlawful, and warrants a writ of mandamus.

62. Defendants' failure to set deadlines for completing "background checks" and to take all other reasonable steps necessary to complete the adjudication of Plaintiff's adjustment

application violates the APA, the INA, is otherwise unlawful, and warrants a writ of mandamus or affirmative injunction.

63. Defendants' policy and practice of requiring "background checks" without proper statutory and regulatory authority and proper rule-making proceeding violate the APA and warrant a writ of mandamus or affirmative injunction.

64. It is therefore appropriate for this Court issue a writ of mandamus compelling Defendants to process Plaintiff's adjustment of status application within a reasonable period of time, such as 30 days.

### THIRD CLAIM FOR RELIEF: VIOLATION OF DUE PROCESS

65. Plaintiffs re-allege and incorporate herein all the preceding paragraphs.

66. Defendants', insofar as relevant herein, acted and failed to act with respect to Plaintiff under color of law.

67. Defendants have a policy, pattern, and practice of failing to adjudicate adjustment applications of applicants such as Plaintiff within a reasonable time.

68. Defendants have a policy, pattern, and practice of failing to adjudicate adjustment applications of certain applicants within a reasonable time after in-person interview examinations.

69. Defendants have a policy, pattern, and practice of unlawfully withholding and unreasonably delaying the adjudication of adjustment applications of certain applicants because of years-long delays in the processing of "background checks."

70. Defendants have a policy, pattern, and practice of unlawfully withholding and unreasonably delaying the completion of "background checks" with the full knowledge that the completion of such checks is required to adjudicate adjustment applications of persons such as Plaintiff.

71. Defendants have a policy, pattern, and practice of failing to set deadlines for completing "background checks" and taking all other reasonable steps necessary to complete the adjudication of adjustment applications of persons such as Plaintiff.

72. Defendants have a policy, pattern, and practice of requiring "name checks" for adjudication of applications for adjustment of status of persons such as Plaintiff despite the absence of any statutory or regulatory authority for such checks.

73. Defendants have applied the above policies and practices to unlawfully withhold and unreasonably delay action on Plaintiff's adjustment application.

74. Defendants have unreasonably delayed and unlawfully withheld agency action on Plaintiff's application for adjustment of status.

75. These actions and omissions by Defendants violate Plaintiff's rights to due process of law.

76. Defendants' over seven (7) years' delay on Plaintiff's application violates Plaintiff's rights to due process of law and is not reasonable whether or not Plaintiff poses any risk to U.S. national security and whether or not this matter is considered from the standpoint of national security interests or Plaintiff's interests.

77. As a result of Defendants' actions, omissions, policies, and practices, Plaintiff has suffered and is continuing to suffer injury and damages. Declaratory, injunctive, and other relief is therefore warranted.

**PRAYER FOR RELIEF**

78. Based on the foregoing, Plaintiffs respectfully request that this Court:

    a. Order Defendants to promptly adjudicate the currently pending Plaintiff's application for adjustment of status within a period not to exceed 30 days after this Court's order;

    b.    Issue a declaratory judgment holding unlawful: (a) failure of Defendants to adjudicate Plaintiff's application for adjustment of status for over seven (7) years and within a reasonable time; (b) failure of Defendants to adjudicate Plaintiff's application for adjustment of status within a reasonable time after an in-person interview; ©) failure of Defendants to complete "background checks" within a reasonable time; ©) failure of Defendants to set deadlines and take all necessary steps to adjudicate Plaintiff's adjustment application within a reasonable time; (d) Defendants' policy, pattern, and practice of delaying and withholding agency action in adjustment cases and applying such to delay and withhold agency action on Plaintiff's application; (e) Defendants' policy and practice of requiring "background checks" without proper authority and rule-making proceedings and applying such requirement to prevent Plaintiff's adjustment application from adjudication and completion for over seven (7) years and within a reasonable time;

    c.    Award reasonable attorney fees and costs pursuant to, *inter alia*, the Equal Access to Justice Act (EAJA), 5 U.S.C. 504, 28 U.S.C. 2412.

    d.    Grant any and all further relief this Court deems just and proper.

Respectfully submitted,

    */s/ Gregory Bryl*
Gregory Bryl, Esq.
1629 K Street NW, Suite 300
Washington, DC 20006
202-360-4950
703-997-5925 fax

help@bryllaw.com
DC Bar # CO0047

*Attorney for Plaintiffs*